IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN STONE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:19-CV-00413 |
| | § | |
| HARLEY MARINE SERVICES, INC., | § | |
| HARLEY MARINE GULF, LLC, | § | |
| HARLEY CHANNELVIEW | § | |
| PROPERTIES, LLC, HARRIS | § | |
| COUNTY, TEXAS; CITY OF | § | |
| HOUSTON, TEXAS, | § | |
|     Defendants. | § | |

**PLAINTIFF'S OPPOSED MOTION TO REMAND**

Under 28 U.S.C. § 1447(c), Plaintiff Carolyn Stone files this Motion to Remand and respectfully requests that the Court consider the following:

**SUMMARY OF ARGUMENT**

Federal diversity jurisdiction does not exist in the present case for the following reasons:

(a) The City of Houston, Texas and Harris County, Texas are real parties in interest to this case because Plaintiff has identified them as defendants and has potential claims against both entities. Defendants with Texas citizenship destroys complete diversity for the purposes of removal. 28 U.S.C. § 1331; 28 U.S.C. §1441(b)(2); and

(b) Defendant HCP has not met its burden to prove that all Defendants' principal places of business are in the State of Washington. Ambiguities about diversity of citizenship should be construed in favor of remand.

For these reasons, Plaintiff seeks an order remanding this case to the 55th Judicial District Court of Harris County, Texas and requiring payment of any just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

1

**STATEMENT OF FACTS**

1. On January 2, 2019, Plaintiff filed her Original Petition and Application for Permanent Injunction in the 55th Judicial District of Harris County, Texas. Dkt. No. 1-2, Petition at pp. 2-26. Plaintiff asserted state court causes of action for: (1) violation of land use restrictions and (2) nuisance. Dkt. No. 1-2, Petition at ¶¶36-76. In her original petition, Plaintiff sought injunctive relief and monetary damages against three out of the five named defendants. Dkt. No. 1-2, Petition at ¶¶76-78. Shortly after filing, Plaintiff requested citation and service by the district clerk by certified mail return receipt requested on these same three defendants. Dkt. No. 1-1.

2. On January 9, 2019 and January 10, 2019, Defendants Harley Marine Services, Inc. (HMS), Harley Marine Gulf, LLC (HMG), and Harley Channelview Properties, LLC (HCP) were served with process. Dkt. No. 1-1.

3. On January 25, 2019, Defendants HMS and HMG appeared and answered in state court. Dkt. No. 1-2, Answer, at pp. 27-29.

4. On February 6, 2019, Defendant HCP filed its Notice of Removal. Dkt. No. 1.

5. On February 13, 2019, Defendant HCP filed its Original Answer and Counterclaim. Dkt. No. 4. By its Counterclaim, HCP has challenged the validity, enforceability, and applicability of the land use restrictions at issue. Dkt. No. 4 at ¶105. HCP has filed a declaratory judgment action under 28 U.S.C. § 2201 asking this Court to declare that the restrictive covenants are not valid, not enforceable, void, or inapplicable to the subject property and Defendant HCP. Dkt. No. 4 at ¶106.

**ARGUMENT & AUTHORITY SUPPORTING REMAND**

6. Original subject matter jurisdiction in a federal court exists if there is complete diversity of citizenship between the parties and more than $75,000 in controversy, exclusive of interests and costs. 28 U.S.C. § 1332. A defendant may remove a state action to federal court based on

complete diversity under 28 U.S.C. § 1332 so long as none of the defendants in the case is a citizen of the state in which original state action was brought. 28. U.S.C. § 1441(b). The removing defendant bears the burden of proof of establishing federal court jurisdiction. *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252 (5th Cir. 1961); *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2000).

7. Lack of subject matter jurisdiction is non-waivable and a finding by the court that it lacks subject matter jurisdiction requires remand to state court. *Buchner v. FDIC,* 981 F.2d 816, 819-20 (5th Cir. 1993); *In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir. 1993). Therefore, a motion to remand based on lack of subject matter jurisdiction may be filed at any time. *In re Allstate Ins.* 8 F.3d at 221.

8. Due to significant federalism concerns, removal statutes must be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir. 1996); *see also Shamrock Oil v. Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941). Any uncertainties regarding the existence of federal jurisdiction are to be resolved in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000) (explaining "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); *see also Oliva v. Chrysler Corp.,* 978 F. Supp 685, 688 (S.D. Tex. 1997) ("If federal jurisdiction is doubtful, a remand is necessary.") (internal quotation marks and citation omitted).

**A. HARRIS COUNTY AND THE CITY OF HOUSTON ARE NOT NOMINAL DEFENDANTS FOR PURPOSES OF REMOVAL PURSUANT TO 28 U.S.C. §1441 BECAUSE THERE ARE CLAIMS AGAINST THEM.**

9. A defendant who is merely a "nominal" party to the suit is not required to join in the removal of the case. Whether a defendant is nominal for the purposes of removal is a fact-specific inquiry in each case. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen &*

*Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970).

10.     Here, at the time of the filing her Petition, Plaintiff noticed Harris County with suit as having authority to enforce Restrictions under TEX. PROP. CODE §203.003. Dkt. No. 1-2, Petition at ¶8. City of Houston was also put on notice because of its authority to enforce Restrictions. CODE OF ORDINANCES, HOUSTON, TEX. §10-553; TEX. LOCAL GOV'T CODE §212.002. Dkt. No. 1-2, Petition at ¶9. Moreover, both governmental entities were associated with the approval of the Amended Plat based on representations by Defendant HCP that the amendment "does not attempt to alter, amend, or remove any covenants or restrictions." Dkt. No. 1-2, Petition at ¶¶28-33; Amended Plat (Exh. 6 to Petition, which was not included with the Notice of Removal).[1]

11.     To prove that a defendant is nominal for the purposes of removal, the removing defendant must demonstrate that there is no possibility a plaintiff would be able to establish a cause of action against the defendants in state court. *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981); *see also Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F. 2d 866, 871 (5th Cir. 1991); *see also Beazley Ins.*, No. 09-20005, 2009 WL 7361370 at *4 (5th Cir. May 4, 2009). In the Fifth Circuit, the test is not based on how the plaintiff characterizes a defendant in a petition. *In re Beazley Ins. Co.*, 2009 WL 7361370 at *4 (citing *Louisiana v. Union Oil Co. of Ca.*, 458 F. 3d 364, 367 (5th Cir. 2006).

12.     Defendant HCP has not met its burden to prove that Harris County and City of Houston are nominal defendants for the purposes of removal based on diversity jurisdiction. Defendant

---

[1] Plaintiff filed six exhibits to its Original Petition filed in state court that were specifically referenced and incorporated into the filing, including a copy of the Restrictions, the Original Plat, and the Amended Plat. Defendant HCP omitted these filings from its Notice of Removal. Dkt. No. 1-2. To the extent that this is a procedural defect in Defendant HCP's Notice of Removal, Plaintiff also asserts that defect under 28 U.S.C. § 1447(c).  Southern District of Texas Local Rule 81 requires attachment of certain documents to the Notice of Removal including Plaintiff's pleadings. S.D. TEX. LR. 81. This defect is timely asserted within 30 days of the Notice of Removal.

4

HCP has not offered any evidence that Plaintiff will be able to proceed fairly and equitably without the presence of Harris County and City of Houston as defendants in the present controversy. Dkt. No. 1, Notice of Removal, at ¶9.

13. At the time of removal, Plaintiff had alleged, but not yet asserted, claims against Harris County and City of Houston for apparent violations of law related to their approval of an Amended Plat. Dkt. No. 1-2, Petition at ¶¶27-33. Specifically, insofar as both government entities had actual knowledge that Defendant sought to proceed in violation of the existing restrictions (based on which they initially stated that the amended plat would be denied), Plaintiff has potential ultra vires claims against Harris County, Texas because of the County Commissioners Court's approval and issuance of Amended Plat in violation of 232.011(b) of the Texas Local Government Code and any permits issued by the County authorizing commercial use or construction on that property because of the Amended Plat. Dkt. No. 1-2, Petition at ¶¶28-30. Similarly, Plaintiff has potential ultra vires claims against the City of Houston because of Houston Planning Commission's approval and issuance of Amended Plat in violation of 212.016(a) of the Texas Local Government Code and any permits approved by the City allowing commercial use or construction in violation of the Restrictions. Dkt. No. 1-2, Petition at ¶¶28-33. Plaintiff directly referenced both of these statutes in relation to both of these named defendants in her Petition at ¶¶28-33. Further, to whatever extent City and/or County actions deprive Plaintiff of property rights under the restrictions, the government defendants face potential claims under the Texas Constitution, Article I, for impairment of contracts (§16), denial of due process (§§19 & 13), and equal protection (§3).

14. Under Fifth Circuit authority, the existence of potential claims against these parties at the time of removal makes Harris County and City of Houston real parties to the present

controversy, not merely nominal defendants. *Miller Brewing Co.,* 663 F.2d at 549. Further, Plaintiff plans to amend her allegations to state affirmative claims for relief against Harris County and City of Houston related to the Amended Plat and subsequent permits issued on the property. With additional discovery, there may be additional claims to be asserted against the Harley Defendants and its agents or the governmental entities to the extent there was any assistance or participation associated with the improper amendment or the issuance of permits to the Harley Defendants to build a commercial facility on a residential lot despite the existence of these restrictions. All parties were on notice of the Restrictions that were duly filed in Harris County's real property records, and there has been no determination made by any Court that those Restrictions are not valid. Thus, no commercial building or associated business should exist on that lot.

15. Defendant HCP's sole basis of removal is through complete diversity among parties pursuant to 28 U.S.C. §1332(a). Dkt. No. 1, ¶12). Plaintiff is a citizen of Texas. Dkt. No. 1 at ¶14. The presence of potential claims against Texas-based defendants like Harris County, Texas and the City of Houston, Texas as real parties to the present controversy means that complete diversity does not exist in this case. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) ("The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968) (internal quotation marks and citation omitted)). Because there is not complete diversity between parties as required by 28 U.S.C §1332(a), removal to this Court is improper. *McLaughlin*, 376 F.3d at 353; *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Thus, Plaintiff respectfully requests this Court remand this case to the state court.

**B.  INSUFFICIENT EVIDENCE EXISTS IN THE REMOVAL RECORD TO ESTABLISH CITIZENSHIP FOR HCP AND HMG IN WASHINGTON TO CLAIM DIVERSITY OF THE PARTIES.**

16. When diversity of citizenship under 28 U.S.C. §1332(a) is the sole basis of a removal action to federal district court, the case may not be removed if any properly joined and served defendant is a citizen of the state in which the original action is brought. 28 U.S.C. §1441(b)(2).

17. For the purposes of removal under 28 U.S.C. §1441, a corporate defendant is deemed to be a citizen of every state where the corporation is incorporated and of the state where it has its "principal place of business." 28 U.S.C. §1332(c)(1). By contrast, a limited liability company is a citizen of each state where its partners and members are citizens. *Fan GU v. INVISTA S.A.R.L.*, 682 Fed. Appx. 316, 317 (Mem) (5th Cir. March 20, 2017), citing *Harvey*, 542 F.3d at 1080; *see also Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-cv-0003, 2016 WL 2756589 at *4 (S.D. Tex. May 9, 2016).

18. The Supreme Court has interpreted "principal place of business" to mean the corporation's "nerve center," which refers to "the place where the corporation's high level officers direct, control and coordinate the corporations activities…typically found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the "nerve center" test, "[c]ourts do not have to try to weigh corporate functions, assets, or revenues…" *Id.* at 96. Instead, a corporation's citizenship is in the state that is "the place of actual direction, control, and coordination." *Hertz*, 559 U.S. at 81.

19. The asserting party bears the burden of proving the existence of diversity of citizenship among the parties. *Hertz,* 559 U.S. at 96. "When challenged on allegations of jurisdictional facts, the parties must support their allegations with competent proof." *Id.* For example, in *Hertz*, the removing party submitted a declaration from an employee relations manager that stated information about where the leadership of Hertz operated and where "core executive and

7

administrative functions…are carried out." *Id.* Similarly, in *Rosenbrock*, the Notice of Removal included several affidavits providing information about the principal place of business of each Defendant, including the location of decision-makers' offices, where budgets are approved, and where the Defendants' major decisions regarding company policies, directions, and corporate activities are made. *Rosenbrock,* 2016 WL 2756589 at *5.

20. Conversely, the Supreme Court has found that filing forms that, for example, simply list a corporations "principal executive offices" without providing additional evidence about the types of decisions and control from that office, is not sufficient evidence to establish an office as the nerve center of a corporation for the purposes of diversity jurisdiction. *Hertz,* 559 U.S. at 97 (explaining a Securities and Exchange Commission form listing a corporation's "principal executive office" was insufficient, alone, to satisfy the "nerve center" test.). Similarly, the headquarters may not be the nerve center where it is "simply an office where the corporation holds its board meeting" *Id.*

21. In the Notice of Removal, Defendant HCP presents articles of incorporation, which list the "Principal Office Street Address" of each defendant as "910 SW Spokane St., Seattle, WA," as proof that Defendants HMS, HMG and HCP have their principal place of business in the State of Washington. Dkt No. 1 at ¶¶16-17; Dkt. No. 1-7 (HMS); Dkt. No. 1-8 (HMG); Dkt. No. 1-9 (HCP).

22. Plaintiff does not dispute that Defendant HMS' principal place of business is in Seattle, Washington. Dkt. No. 1 at ¶16; Dkt. No. 1-2, Petition at ¶5.

23. However, both HMG and HCP both are based in Texas. HCP, which appears to be a real estate holding company, owns the property on Lakeside Dr. leased to HMG for its headquarters and Channelview-based operations. Dkt. No. 1-2, Petition at ¶¶ 6, 10, 13-14, 20, 40-43, 45, 47-

8

48 (allegations regarding HMG's Texas operations); Petition at ¶¶7, 10, 13-14, 20, 27, 39-42, 47-48 (allegations regarding HCP's Texas operations). Moreover, at the time of the Petition, it was not Plaintiff's responsibility to establish that Defendant HMG or Defendant HCP had a principal place of business in Harris County or Channelview, Texas. As admitted on HMS' website,[2] "in February 2011, Harley Marine Services acquired the former MGI of Houston, Texas," which became HMG's base of operations on the Gulf Coast. The absence of that analysis in the Petition is not proper evidence to prove that HCP or HMG are citizens of the State of Washington. Here, Defendant HCP bears the burden of proving that complete diversity exists between parties, and it has failed to so. *Hertz*, 559 U.S. at 96.

24. The evidence Defendant HCP has presented in the Notice of Removal is insufficient to prove that all of the Defendants' principal places of business are in the State of Washington. Unlike the removing parties in *Hertz* and *Rosenbrock*, Defendant HCP provides no evidence--not even an affidavit or declaration from leadership in each entity—in support of the principal place of business designation for HMG and HCP. *Hertz*, 559 U.S. at 96; *Rosenbrock,* 2016 WL 2756589 at *5.

25. Instead, Defendant HCP simply relies on filed forms that identify a principal office or place of business, which the Supreme Court and the courts in this district have found insufficient to satisfy the nerve center test. *Hertz,* 559 U.S. at 97; *Avalos v. Continental Airlines, Inc.*, C.A. No. H–11–711, 2011 WL 2357374 at *2 (S.D. Tex. June 10, 2011); *Balachander v. A.E.T., Inc.,* C.A. No. H–10–4805, 2011 WL 4500048 at *7 (S.D. Tex. Sept. 27, 2011).

26. Removal to this Court is inappropriate because Defendant HCP has not met its burden to prove that there is diversity of citizenship between parties. Because removal statutes must be strictly construed against removal, any uncertainties should be resolved in favor of remanding to

---

[2] http://www.harleymarine.com/companies.asp

state court. *Eastus,* 97 F.3d at 106; *see also Shamrock Oil,* 313 U.S. at 108-109; *see also Acuna,* 200 F.3d at 339; *Oliva,* 978 F. Supp. at 688.

## REQUESTED AWARD OF ATTORNEY'S FEES AND COSTS

27. Under Section 1447(c) of Title 28 of the United States Code, the Court may award fees and costs incurred in federal court that would not have been incurred had the case remained in state court. *Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir. 1997). If the Court remands the case, the Court may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).

28. In support of her request for attorney's fees, Plaintiff attaches the declaration of Amy Catherine Dinn as Exhibit 1 to this Motion to establish the costs and actual expenses incurred by Plaintiff and her law firm related to the removal. *See* Declaration of Amy Catherine Dinn at ¶¶ 1-9 (Exh. 1). Plaintiff estimates that the amount spent related to the removal at the time this motion was filed to date is $10,500.

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff Carolyn Stone respectfully request that the Court grant Plaintiff's motion for remand and enter an order remanding this case to the 55th Judicial District Court of Harris County, Texas and requiring payment of any just costs and any actual expenses, including attorney's fees, incurred as a result of the removal under 28 U.S.C. § 1447(c). Plaintiff further respectfully requests any such other and further relief that this Court feels she is entitled.

Dated: March 1, 2019.

By: */s/ Amy Catherine Dinn*
 Amy Catherine Dinn
 Texas State Bar No. 24026801
 Fed. Id. No. 29009
 **ATTORNEY IN CHARGE FOR**
 **PLAINTIFF CAROLYN STONE**

OF COUNSEL:

LONE STAR LEGAL AID
P.O. Box 398
Houston, Texas 77001-0398
713-652-0077 ext. 1118
Fax 713-652-3141
adinn@lonestarlegal.org


Rodrigo Cantú
Texas State Bar No. 24094581
713-652-0077 ext. 1270
rcantu@lonestarlegal.org
*Application to Southern District of Texas Pending*


**CERTIFICATE OF CONFERENCE**

 On and between February 27, 2019 and February 28, 2019, I conferred with counsel for Defendant Harley Channelview Properties, LLC, including Scot Clinton and Brian Kilpatrick, regarding HCP's Notice of Removal and the bases for Plaintiff's Motion for Remand, which identified the grounds for this Motion. In response to these discussions which occurred by phone and email, on February 28, 2019, counsel for HCP, Mr. Kilpatrick verbally stated over the telephone that Defendant HCP was opposed to this request for remand.

 */s/ Amy Catherine Dinn*
 Amy Catherine Dinn

## CERTIFICATE OF SERVICE

  I certify that a copy of Plaintiff's Opposed Motion to Remand was served on the counsel stated below through the CM/ECF E-File System and by e-mail on March 1, 2019**.**

Brian Kilpatrick
Scot Clinton
Wilson, Cribbs & Goren, P.C.
2500 Fannin Street
Houston, Texas 77002
bkilpatrick@wcglaw.com
sclinton@wcglaw.com
*Attorneys for Defendant Harley Channelview Properties, LLC*

James M. Kimbell
Misha Paltiyevich
Clark Hill Strasburger
909 Fannin, Suite 2300
Houston, Texas 77010-3022
james.kimbell@clarkhillstrasburger.com
misha.paltiyevich@clarkhillstrasburger.com

-and-

David James
Clark Hill Strasburger
2615 Clader Ave, Suite 240
Beaumont, Texas 77002
david.james@clarkhillstrasburger.com
*Attorneys for Defendants Harley Marine Services, Inc. and Harley Marine Gulf, LLC*

               */s/ Amy Catherine Dinn*
                 Amy Catherine Dinn