United States District Court
Southern District of Texas
**ENTERED**
April 22, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States District Court | Southern District of Texas | |

Carolyn Stone, §
  §
       Plaintiff, §
  §
versus §   Civil Action H-19-413
  §
Harley Marine Services, Inc., *et al.*, §
  §
       Defendants. §

## Opinion on Partial Dismissal

1. *Introduction.*

   Carolyn Stone sued Harley Marine Services, Inc.; Harley Marine Gulf, LLC; Harley Channelview Properties, LLC; the City of Houston, Texas; Harris County, Texas; Jennifer Ostlind; and John Blount.

   Ostlind, Houston, Harris County, and Blount moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6).

2. *Houston and Ostlind.*

   Stone sued Houston and Ostlind in her official capacity for issuing an amended plat to Harley Channelview, saying that the amended plat purported to change the existing restrictive covenants and deed restrictions.

   Houston says that the amended plat did not alter the covenants or restrictions and that it followed the statutory protocol in issuing the amended plat. Harley Channelview certified on the amended plat itself that it did not alter or remove the existing restrictions.

   Houston followed Texas Local Government Code § 202.016 in issuing

the amended plat and did not affect the covenants. Stone has no viable claim against Houston and Ostlind.

3. *Harris County and Blount.*

Similarly, Stone sued Harris County and John Blount in his official capacity for amending the plat and issuing building permits, saying that they improperly tried to remove the deed restrictions in the Lakeview Homes Addition.

Again, before the amended plat was approved, the Harley defendants certified that the amended plat did "not attempt to alter, amend, or remove any covenants or restrictions."

Harris County followed the criteria of Texas Local Government Code § 233.063 in amending the plat and issuing the permits. Under the code, the county's issuing building permits cannot alter or remove a restrictive covenant.

Harris County applied the appropriate procedure in amending the plat and issuing the building permits. It did nothing – and could have done nothing – to alter or remove the restrictive covenants.

The proper claim in this suit is against the Harley defendants for violating the restrictive covenants, not against Harris County and Blount.

4. *Conclusion.*

Approving the amended plat and issuing building permits did not remove or alter the restrictive covenants. The amended plat specifically stated that it did "not attempt to alter, amend, or remove any covenants or restrictions," and the Harley defendants certified this.

If Stone has a claim, it is against the Harley defendants for allegedly violating the restrictive covenants, not against the city and county for issuing the amended plat and building permits.

Because Carolyn Stone has not stated a viable claim against Jennifer

Ostlind, the City of Houston, Harris County, and John Blount, these claims will be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Signed on April 22, 2020, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge