United States District Court
Southern District of Texas
**ENTERED**
September 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Carolyn Stone, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action H-19-413 |
| § | | |
| Harley Marine Services, Inc., et al., § | | |
| *Defendants.* § | | |

## MEMORANDUM AND ORDER

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 135. Pending before the court is Defendants' Motion to Exclude or Limit Testimony of Plaintiff's Expert Mike Brubaker. ECF No. 112. Also pending is Defendants' Motion to Exclude or Limit the Testimony of Carolyn Stone under the Texas Property Owner Rule and Fed. R. Evid. 701. ECF No. 113. The court has considered the motions, the responses, and the applicable law. The motions are **DENIED**.

### 1. *Background*

The defendants, Harley Marine Services, Inc., Harley Marine Gulf, LLC, and Harley Channelview Properties, LLC, (collectively referred to as "Harley") operate a barge mooring and storage business along the Houston Ship Channel. ECF No. 113 at 1. Stone owns a home within the Lakeview Homes Addition subdivision (Subdivision). Stone alleges that Defendants' commercial activity violates the Subdivision's deed restrictions, which prohibit commercial activity within the residential neighborhood. ECF No. 9 at 2 ¶¶ 1–2. Stone also alleges that Harley's conduct created a nuisance that has diminished the value of her home. *Id.* at 55 ¶ 223.

Harley designated Peter Boecher as an expert to testify about the current land use and status of restrictive covenants in the Subdivision. ECF No. 112 at 2 ¶ 3. Stone designated Mike Brubaker as a rebuttal expert to testify about "the current land use and status of restrictive covenants for the [Subdivision.]" ECF No. 106 at 2. Harley argues that the court should exclude or limit Brubaker's testimony because "he is not a land planner and fails to squarely rebut . . . Boecher's opinions and fails to readily identify the methodology supporting his opinion." ECF No. 112 at 2 ¶ 4.

In her second amended initial disclosures, Stone indicated that she will "testify regarding the market value of her property under the Texas Property Owner Rule and about the extent that [Harley's] operations have been a nuisance, annoyance[,] or discomfiture to her and her property and in the neighborhood." ECF No. 114-1 at 3. Harley seeks to limit Stone's testimony to that which is permitted under the Property Owner Rule. ECF No. 113 at 2 ¶¶ 2–3.

### 2. Discussion

#### A. Brubaker's Expert Testimony

Harley challenges Brubaker's designation and asserts that "Brubaker is not a proper expert to rebut Mr. Boecher['s testimony] because he is not a land planner[,] he fails to squarely rebut . . . Boecher's opinions[,] and [he] fails to readily identify the methodology supporting his opinion." ECF No. 112 at 2 ¶ 4.

The Federal Rules of Evidence require that a witness be "qualified as an expert by knowledge, skill, experience, training, or education" to provide expert testimony. Fed. R. Evid. 702. A qualified expert witness may testify if: (1) his scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is

2

the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702(a)–(d).

Defendant's expert, Boecher, is a land planner and offers opinions on the current land use and the status of restrictive covenants in the Subdivision. ECF No. 112-2 at 2. To reach his opinions, Boecher reviewed documents such as the Subdivision plat and deed restrictions. *Id.* at 3–4. He also drove every street within the Subdivision and noted each property's visible use. *Id.* at 4.

Stone's rebuttal expert, Brubaker, is a licensed real estate appraiser and real estate broker and was designated to opine on the current land use and status of restrictive covenants within the Subdivision. ECF No. 115-1 at 1, 3. Brubaker declares that, as an appraiser, he has prepared neighborhood descriptions and analyses for over forty years. ECF No. 115-1 at 5 ¶ 12. To prepare a neighborhood analysis, Brubaker performs tasks such as a visual inspection of the neighborhood to observe its characteristics and the current land use. *Id.* at 7 ¶ 17. To reach his opinions in this case, Brubaker reviewed documents such as "the restrictive covenants[] and Mr. Boecher's report, its attachments and the other items reviewed and relied upon by him." ECF No. 115-2 at 3. Brubaker also toured the Subdivision and noted his observations of the current land use. *Id.* at 3, 6.

Based on Brubaker's experience, report, and declaration, Brubaker is qualified by experience to rebut Boecher's opinion. Although he is not a land planner, Brubaker's work as an appraiser requires him to perform many of the very same tasks as Boecher, such as touring the neighborhood, observing its land use, and reviewing deed restrictions. As such, Brubaker has the requisite experience to testify as an expert. Brubaker's opinions

3

also directly rebut those of Boecher, making him a proper rebuttal expert.

Harley argues that Brubaker has not employed a reliable methodology. Harley also argues that Brubaker's opinions are inconsistent with the generally accepted methods for gathering data and contain "multiple[] unsupported assertions for which he neither identifies nor discloses the methods or treatise that support the same." ECF No. 112 at 6 ¶ 22. Harley further argues that Brubaker's opinions are not based on sufficient facts or data and that Brubaker applied arbitrary classifications to the uses within the Subdivision. *Id.* at 6–7 ¶ 23. Harley maintains that Brubaker's opinions are not relevant and that Brubaker did not account for "obvious alternative explanations." *Id.* at 7 ¶¶ 26–27. Harley spent over seven pages raising additional boilerplate objections to Brubaker's opinion, such as that it is irrelevant, lacks foundation, or is unfairly prejudicial. *Id.* at 8–15.

Brubaker declares that he performed his neighborhood analysis in accordance with the Fannie Mae Selling Guide. ECF No. 115-1 at 6. According to Brubaker, this method is "so highly recognized that it is virtually the 'standard' for all mortgage loans produced in the United States," and "describes the steps for a complete neighborhood description and analysis." *Id.* Harley did not reply to contest this.

Brubaker explained that his analysis was performed by identifying neighborhood boundaries and neighborhood characteristics. ECF No. 115-1 at 6. The neighborhood's boundaries and characteristics are identified through a visual inspection. *Id.* at 7. The characteristics considered include the types of structures present, site size, and current land use, among others. *Id.* As discussed above, Brubaker explained that, like Boecher, he toured the Subdivision, observed the land use, and reviewed the deed restrictions. ECF No. 115-2 at 3, 6.

Harley did not reply to Stone's response. Harley did not explain how Brubaker failed to gather sufficient facts or data, how his principles or methods were unreliable, or how he unreliably applied any principles or methods to the facts and data. Nor does Harley identify the "obvious alternative explanations" it believes Brubaker should have considered. Accordingly, Harley's motion to exclude or limit Brubaker's testimony is denied. Harley's objections go to the weight of Brubaker's testimony, not its admissibility. Harley may make appropriate, specific objections at the time of trial.

### B. Stone's Testimony under the Texas Property Owner Rule

Harley moves to exclude or limit Stone's testimony under the Texas Property Owner Rule and Federal Rule of Evidence 701. Stone's initial disclosures plainly state that her testimony about the value of her property would be offered under the Texas Property Owner Rule. *See* ECF No. 85 at 2 (disclosures dated before Harley's motion); ECF No. 114-1 at 3 (disclosures dated after Harley's motion). The parties thus agree about the expected scope of Stone's testimony. Despite Stone's assurance, Harley nevertheless filed a motion citing numerous cases interpreting the Texas Property Owner Rule and asking the court to exclude and limit Stone's testimony to those parameters. ECF No. 113 at 2–3.

To the extent it is relevant and otherwise admissible, Stone may testify about the value of her property in accordance with the Texas Property Owner Rule. Stone's testimony must refer to her property's market value and may not be based solely on her *ipse dixit*. *Nat. Gas Pipeline Co. of Amer. v. Justiss*, 397 S.W.3d 150, 159 (Tex. 2012). Stone must provide the basis on which her opinion rests. *Id.* This burden is not onerous. *Id.* Stone's opinion may be substantiated by "price paid, nearby sales, tax valuations,

appraisals, online resources, and any other relevant factors[.]" *Id.*[1] Considering Stone has already agreed that she will testify under the Texas Property Owner Rule, the court DENIES Harley's motion as MOOT.

### 3. Conclusion

For the reasons stated above, Harley's motions to exclude or limit Brubaker's and Stone's testimony, ECF Nos. 112, 113, are **DENIED**.

Signed at Houston, Texas on September 6, 2023.

Peter Bray
United States Magistrate Judge

---

[1] Of course, Stone may also testify about any other facts that are relevant, within her personal knowledge, and otherwise admissible.