United States District Court
Southern District of Texas
**ENTERED**
September 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Carolyn Stone, *Plaintiff,* | § § § | |
| v. | § § | Civil Action H-19-413 |
| Harley Marine Services, Inc., et al., *Defendants.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 135. Pending before the court is Defendants' motion for judgment on the pleadings or, alternatively, for summary judgment on Plaintiff's claim under Texas Property Code Chapter 202. ECF No. 116. The court has considered the motions, the responses, and the applicable law. The court recommends that the motion be **GRANTED.**

Plaintiff Carolyn Stone (Stone), a homeowner within the Lakeview Homes Addition (Subdivision), alleges that the defendants, Harley Marine Services, Inc., Harley Marine Gulf, LLC, and Harley Channelview Properties, LLC, (collectively referred to as "Harley") operate a commercial business in violation of the Subdivision's deed restrictions. ECF No. 123 at 4. Stone's amended complaint alleges that Texas Property Code Section 202.004 gives her authority to initiate this lawsuit and recover damages. Pl.'s 1st. Am. Compl., ECF No. 9 at 36, 56, 59.

Harley argues that, because Stone is not a property owners' association or representative designated by any homeowner, Section 202.004 does not provide her the authority to bring the lawsuit and does not permit her to recover damages. ECF No. 116

at 3–6. Stone agrees. ECF No. 123; ECF No. 123-4 at 2–3. Rather than file an amended pleading or move to dismiss her cause of action under Section 202.004, Stone suggests that the parties advise the court in the final pretrial order that they wish to remove that cause of action from consideration at trial. ECF No. 123-4 at 2–3.

As to this limited issue, the parties agree on the facts and the law, so there is no genuine issue of material fact. Therefore, summary judgment is appropriate. Fed. R. Civ. P. 56(a), (c). Section 202.004 allows an action to enforce restrictive covenants to be brought by "[a] property owners' association or other representative designated by an owner of real property[.]" Tex. Prop. Code § 202.004(b). Courts considering this statute have held that an individual homeowner who is not a designated representative may not recover damages under section 202.004(c). *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 75 (Tex.App.—Houston [14th Dist.] 2014, no pet.) (citing cases). Stone does not allege or present evidence that she is a homeowners' association or the designated representative of any homeowner. She is an individual homeowner. Accordingly, she is not entitled to sue or collect damages under Section 202.004.

For these reasons, the court recommends that Harley's motion for summary judgment on Stone's Section 202.004 claim, ECF No. 116, be **GRANTED**.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Responses to any objections are due seven days after the objection is filed. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 6, 2023.

                                                          Peter Bray
                                              United States Magistrate Judge