IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN STONE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-19-00413 |
| HARLEY MARINE SERVICES, INC. | § | |
| et al., | § | |
|     Defendants. | § | |

**PLAINTIFF CAROLYN STONE'S OBJECTIONS TO
MAGISTRATE'S MEMORANDUM AND RECOMMENDATION
(Dkt. No. 140)**

Amy Catherine Dinn
Texas State Bar No. 24026801
Federal I.D. No. 29009
**LONE STAR LEGAL AID**
P.O. Box 398
Houston, Texas 77001-0398
Phone: (713) 652-0077 ext. 8108
Fax: (713) 652-3141
adinn@lonestarlegal.org

**ATTORNEYS FOR
PLAINTIFF CAROLYN STONE**

## TABLE OF CONTENTS

I. Procedural History ................................................................................................. 1

II. Argument .................................................................................................................. 2

    A. The Magistrate erred by failing to recognize that Defendants' current use spans several lots, and Defendants redeveloped those properties from 2016-2017 to build their existing facility. ....................................................... 2

    B. The Magistrate erred by failing to discuss that the Restrictions also prohibit nuisance – bringing that claim within a four-year statute for breach of the Restrictions. .............................................................................. 6

    C. The Magistrate erred because the Restrictions apply to land use on the Defendants' respective ten lots each subject to a four-year statute for breach of the Restrictions. .............................................................................. 8

    D. No permanent nuisance existed until August 2017 - The Magistrate misapplied the Rule 56 standard of review for Stone's Permanent Nuisance Claim ........................................................................................... 9

    E. The Magistrate's multiple recommendations (ECF No. 140, 141) include inconsistent rulings: Stone's equitable estoppel and related affirmative defenses impact Defendants' statute of limitations claims, and the Magistrate found Defendants did not overcome these defenses. ................. 11

III. Request for Relief ................................................................................................. 12

Under 28 U.S.C. § 636(c), Plaintiff Carolyn Stone ("Plaintiff" or "Stone") files this objection to the Memorandum and Recommendation (ECF No. 140) (the "Recommendation") issued by U.S. Magistrate Judge Peter Bray (the "Magistrate") under Federal Rule of Civil Procedure 72(b). 28 U.S.C. § 636(b)(1).

## I. PROCEDURAL HISTORY

1. On January 2, 2019, Stone sued Harley Marine Services, Inc., Harley Marine Gulf, LLC, and Harley Channelview Properties, LLC (collectively, "Defendants") for nuisance and breach of land use restrictions applicable to property in Lakeside Homes Addition in Channelview, Texas. *See* Complaint (ECF No. 9).

2. Defendants filed a joint motion for summary judgment on Stone's nuisance claim (ECF No. 117) (the "Nuisance MSJ") and on her claim for breach of restrictive covenants (ECF No. 120) (the "Restrictions MSJ"). Stone filed separate responses supported by summary judgment evidence to the Nuisance MSJ (ECF No. 126) and the Restrictions MSJ (ECF No. 124). In reply, Defendants filed a separate briefs in support of the Nuisance MSJ (ECF No. 131) and the Restrictions MSJ (ECF No. 135). The Court then referred both motions to the Magistrate for review (ECF No. 135).

3. Without a hearing on either motion, the Magistrate issued a Memorandum and Recommendation on the Nuisance MSJ and Restrictions MSJ (ECF No. 140) recommending that "Defendants' motion for summary judgment on Plaintiff's nuisance claim ECF No. 117, and Defendants' motion for summary judgment on Plaintiff's breach of restrictive covenants claim, ECF No. 120, be GRANTED." Recommendation at 11-12.

1

4. The basis for the Magistrate's ruling is that the Stone did not timely file her complaint within applicable statute of limitations (2-year for nuisance and 4-years for restrictive covenants), implicitly finding that Defendants' adverse land use of each of their ten (10) lots in the Lakeview Homes subdivision occurred before January 2, 2015. Recommendation at 5, 8, 10, 11.

5. Stone objects to the Recommendation as it relates to the proposed dismissal of her two claims for relief under Rule 56 as factual disputes prevent this disposition as a matter of law. FED. R. CIV. P. 56.

## II.  ARGUMENT

6. If a party timely objects to a magistrate judge's recommendations or findings, the court must make a de novo determination of the objectionable portions of the recommendations or findings, in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court may then accept, reject, or modify the recommendations or findings, in whole or in part, receive additional evidence or recommit the matter to the magistrate judge with additional instructions. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Under 28 U.S.C. § 636(c)(1), Stone objects to the Magistrate's Recommendation on the Nuisance MSJ and Restrictions MSJ (ECF No. 140) under Rule 56 as follows:

**A.  THE MAGISTRATE ERRED BY FAILING TO RECOGNIZE THAT DEFENDANTS' CURRENT USE SPANS SEVERAL LOTS, AND DEFENDANTS REDEVELOPED THOSE PROPERTIES FROM 2016-2017 TO BUILD THEIR EXISTING FACILITY.**

7. Stone objects to the Recommendation because the Magistrate identifies 2011 as the first year of adverse use in the neighborhood by Defendants, ignoring the fact that

Harley Channelview Properties, LLC ("HCP") did not even legally exist until 2012.[1] Recommendation at 9. That factual finding does not comport or is in direct conflict with other summary judgment evidence, which creates a fact issue preventing summary judgment on Stone's claims:

- Defendants did purchase any property in the neighborhood until 2012.[2]
- Defendants purchased ten lots in the neighborhood over time[3]: some lots in Block 4 as late as November 2015.[4] The chart below reflects those separate lots and the properties in Block 7 that were not platted as a single lot until February 2016 at the earliest.[5]

| PROPERTIES ACQUIRED BY DEFENDANTS | | | | |
|---|---|---|---|---|
| **Block** | **Lot** | **Address** | **Purchased** | **Prior Owner** |
| 7 | 7 & 8 | 239 Lakeside | 12/2012 | Holland Real Estate |
| 7 | 4, 5, 6 | 311 Lakeside | 12/2012 | Holland Real Estate |
| 7 | 3 | 313 Lakeside | 11/2012 | Walsh (Residence) |
| 7 | 2 | 315 Lakeside | 05/2013 | Burns (Residence) |
| 7 | 1 | 319 Lakeside | 05/2013 | Cornelison (Residence) |

---

[1] Stiefel Deposition at 33:3-5 (ECF No. 124-36); HCP Certificate of Formation (ECF No. 124-16).
[2] Notice to Purchasers (ECF Nos. 124-9, 124-10, 124-11, 124-12, 124-13, 126-9, 126-10, 127-11, 126-12, 126-13)
[3] Notice to Purchasers (ECF Nos. 124-9, 124-10, 124-11, 124-12, 124-13 and 126-9, 126-10, 126-11, 126-12, 126-13).
[4] Stiefel Deposition at 141:4-16; 142:2-20 (ECF No. 124-36, 126-4).
[5] Notice to Purchasers (ECF No. 126-9, 126-10, 126-11, 126-12, 126-13).

3

| PROPERTIES ACQUIRED BY DEFENDANTS | | | | |
|---|---|---|---|---|
| **Block** | **Lot** | **Address** | **Purchased** | **Prior Owner** |
| 4 | 44 | 234 Lakeside | 11/2015 | Allens (Residence) |
| 4 | 55 | 16521 & 16525 Pecan | | |

8. Any alleged prior operator, MGI, did not have any ownership interest in these lots.[6] And only operated at 239 and 311 Lakeside Drive.[7] 313, 315, and 319 Lakeside Drive were existing residential homes that were not even removed until 2014 or 2015.[8]

9. Thus, Defendants' alleged barge operations prior to late 2015 were limited to water-based activities at 239 and 311 Lakeside Drive. Defendants did not obtain a marine construction permit for barges until October 1, 2015.[9] As discussed with this Court since the outset of the case, water-based operations cannot be prohibited by land-use restrictions. Here, Stone's evidence of land-use directly contradicts Defendants' allegations of land use from 2011-2015.[10] In fact, Stone's testimony is that there were no open and obvious

---

[6] Stiefel Deposition at 199:15-200:12; 202:8-20 (ECF No. 126-4).
[7] Stiefel Depo. at 71, 104 (ECF No. 117-2).
[8] Stone Deposition at 95:25-96:10 (ECF No. 124-38); Deeds (ECF No. 9, 10, 11, 12, 13); Stiefel Deposition at 55:20-57:7; 183:9-13 (313 Lakeside Dr.); 59:5-25; 183:9-13 (325 Lakeside Dr.); 61:13-61:20; 183:9-13 (319 Lakeside Dr.)(ECF No. 124-36); HCP Answer at ¶¶ 95-103 (ECF No. 4).
[9] Marine Construction Permit at 1 (ECF No. 124-20); Stiefel Depo. at 202:22-204:23 (ECF No. 36).
[10] Construction Announcement (ECF No. 124-3): Stone Declaration at ¶¶ 25-33, ¶¶ 37-40 (ECF No. 124-35); Carolyn Stone Deposition at 133:1-134:6; 209:35- 211:20; 225:5-225:24; 205:19-206:2; 43:7-43:12; 82:19-84:13; 86:8-25; 92:1-94:2; 93:9-95:2; 105:5 -108:2 (ECF No. 124-39); Bobby Stone Deposition at 121:24-122:4; 19:24-20:16; 21:17-22:1; 51:9-15; 21:7-9; 48:1-16 (ECF No. 124-38); Stiefel Deposition at 141:4-16; 142:2-20 (ECF No. 124-36).

commercial operations on Defendants' lots before 2015.[11] Moreover, Defendant HCP, the property owner, publicly represented throughout this period that the Restrictions applied to its properties.[12]

10. Defendants did not develop these 10 lots (i.e., clear the land and build a new commercial facility) until November 2015 at the earliest, completing construction in August of 2017.[13] The construction announcement is dated 2016.[14]

11. Defendants were only able to get a permit to build on and redevelop those lots in Block 7 for the existing facility in 2016 by averring to and filing a document in the real property records that acknowledged that those restrictions were applicable to their property.[15] Only then (April 2016) did Defendants confirm their plan to construct the existing facility occupying on the eight lots Block 7 (which were now platted as a single lot) with the related parking lot on Block 4.[16] Notably, Defendants did not make any improvements to the lots in Block 4, *acquired in November 2015*,[17] other than to add a parking lot for its commercial operations across the street in Block 7.[18]

---

[11] *Id.*
[12] Notice to Purchasers (ECF No. 124-9, 124-10, 124-11, 124-12, 124-13); Replat Application (ECF No. 124-5); Amending Plat (ECF No. 124-8); Stiefel Deposition at 97:5-98:24; 99:21-25; 100:1-11; 101:9-18, 101:19-102:7; 155:12-17; 124:14-125:10; 126:16-127:8 (ECF No. 124-36); HCP Answer at ¶ 103 (ECF No. 4); Stone Declaration at ¶ 12 (ECF No. 124-35).
[13] Stiefel Deposition at 111:19-21; 119:23-1 (ECF No. 124-36, 126-4).
[14] Defendants' Construction Announcement (ECF No. 124-23, 126-15).
[15] Amending Plat (ECF No. 124-8); Terry Deposition at 80:16-81:4 (ECF No. 124-37); Stiefel Deposition at 154:14-17 (ECF No. 124-36, 126-4).
[16] Defendants' Construction Announcement (ECF No. 124-21, 126-15).
[17] Stiefel Deposition at 141:4-16; 142:2-20 (ECF No. 124-36, 126-4).
[18] Stone Declaration at ¶¶ 12, 27-34, 35 (ECF No. 124-35); Emails with City (ECF No. 124-14, 124-15); HCP Answer at ¶ 103 (ECF No. 4).

12. Stone filed suit on January 2, 2019.[19] Thus, all activities by Defendants in the neighborhood from January 2, 2015 or later are within the four-year statute of limitations for restrictive covenants. TEX. CIV. PRAC. & REM. CODE § 16.051; *Air Park–Dallas Zoning Comm. v. Crow–Billingsley Airpark, Ltd.,* 109 S.W.3d 900, 911 (Tex. App.–Dallas 2003, no pet.) (citing *Malmgren v. Inverness Forest Residents Civic Club, Inc.,* 981 S.W.2d 875, 877 (Tex. App.–Houston [14th Dist.] 1998, no pet.)). The Magistrate cites evidence throughout the Recommendation of Defendants' activities in 2015. Recommendation at 3-5. The Recommendation wholly fails to grasp the significance of the timeline for how the lots were acquired by Defendants and their respective uses over time. Notably, Defendants did not have any right or access to many of these ten lots until much later than the Magistrate attributes their operations against Stone. All activities cited in 2015 and forward are within the four-year window of Stone's complaint, not outside of it. Recommendation at 5. As instructed by *Fox v. O'Leary,* the amending plat reset the clock on the Block 7 properties. No. 03-11-00270-CV, 2012 WL 2970653, *6 (Tex. App.—Austin July 10, 2012)(pet. denied); *see also* Stone Response (ECF No. 124 at 8-10). For these reasons, Stone's suit for breach of restrictive covenants is timely filed and should not be dismissed.

**B.    THE MAGISTRATE ERRED BY FAILING TO DISCUSS THAT THE RESTRICTIONS ALSO PROHIBIT NUISANCE – BRINGING THAT CLAIM WITHIN A FOUR-YEAR STATUTE FOR BREACH OF THE RESTRICTIONS.**

13. Stone contends the Defendants' operations on Lakeside Drive have created a nuisance or annoyance in her neighborhood, which is also prohibited by the

---

[19] Stone Declaration at ¶¶ 5-6 (ECF No. 126-3, 124-35).

6

Restrictions.[20] As highlighted in Stone's Response (ECF No. 126 at 15), to the extent that Defendants seek to challenge Stone's ability to assert claims for a permanent nuisance in this case more broadly based on limitations, Stone also maintains a claim for breach of the restrictive covenants based on the prohibition against nuisance in Paragraph 17 of the Restrictions.[21] Specifically, Paragraph 17 of the Restrictions provides: "No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood."[22] This claim has a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.051; *Air Park–Dallas Zoning Comm. v. Crow–Billingsley Airpark, Ltd.,* 109 S.W.3d 900, 911 (Tex. App.–Dallas 2003, no pet.) (citing *Malmgren v. Inverness Forest Residents Civic Club, Inc.,* 981 S.W.2d 875, 877 (Tex. App.–Houston [14th Dist.] 1998, no pet.)).

14. Defendants' alleged operations prior to August 2017 were limited to water-based activities at 239 and 311 Lakeside Drive, which cannot be prohibited by land-use restrictions. Again, Stone's evidence of land-use directly contradicts Defendants' allegations of land use from 2011-2015.[23]

15. For the same reasons stated above, Defendants have also not demonstrated the limitations on this four-year claim of nuisance expired before Stone filed her petition

---

[20] Complaint at ¶¶ 131-154 (ECF No. 9); Stone Declaration at ¶ 6 (ECF No. 126-3, 124-35); Restrictions at ¶ 17 (ECF No. 124-3, 126-17).
[21] Complaint at ¶¶ 28, 148, 160 (ECF No. 9).
[22] Restrictions at ¶ 17 (ECF No. 124-3, 126-17).
[23] Construction Announcement (ECF No. 124-3): Stone Declaration at ¶¶ 25-33, ¶¶ 37-40 (ECF No. 124-35); Carolyn Stone Deposition at 133:1-134:6; 209:35- 211:20; 225:5-225:24; 205:19-206:2; 43:7-43:12; 82:19-84:13; 86:8-25; 92:1-94:2; 93:9-95:2; 105:5 -108:2 (ECF No. 124-39); Bobby Stone Deposition at 121:24-122:4; 19:24-20:16; 21:17-22:1; 51:9-15; 21:7-9; 48:1-16 (ECF No. 124-38); Stiefel Deposition at 141:4-16; 142:2-20 (ECF No. 124-36).

on January 2, 2019. The Magistrate's Recommendation did not address this issue in its ruling, but only analyzed nuisance under a 2-year statute. Recommendation at 8-9.

C. **THE MAGISTRATE ERRED BECAUSE THE RESTRICTIONS APPLY TO LAND USE ON THE DEFENDANTS' RESPECTIVE TEN LOTS EACH SUBJECT TO A FOUR-YEAR STATUTE FOR BREACH OF THE RESTRICTIONS.**

16. As chronicled above, Defendants acquired ten lots in the neighborhood over time.[24] Depending on its date of purchase and related uses, each lot may have a separate timeline when determining the statute of limitations. *See Buzbee v. Castlewood Civic Club*, 737 S.W.2d 366, 369 (Tex. App.—Houston [14th Dist.] 1987, no writ)(explaining the four-year statute of limitations had run for lots purchased in 1977 and 1979 but not for those purchased in 1982). The Block 7 lots were not platted as a single lot until 2016,[25] and the Block 4 lots were not acquired until November 2015.[26]

17. First, because HCP had not even purchased the Block 4 lots until 2015, any nonconforming use by Defendants on the two lots in Block 4 must have occurred within 4 years of Stone's filing suit in January 2019. However, the Magistrate ignored the any analysis of Defendants' ownership or operations on the Block 4 lots across the street entirely. *See* Recommendation, *generally* (ECF No. 140)(failing to even identify the Block 4 lots and only focusing on operations on Block 7). This error is patent.

---

[24] Notice to Purchasers (ECF No. 124-9, 124-10, 124-11, 124-12, 124-13); Stiefel Deposition at 97:5-98:24; 99:21-25; 100:1-11; 101:9-18, 101:19-102:7 (ECF No. 124-36, 126-4); Emails regarding Replat Application (ECF No. 124-26, 124-27, 124-28).
[25] Stiefel Deposition at 124:14-125:10; 126:16-127:8; 161:18-162:2; 162:9-13; 190:3-8 (ECF No. 124-36); Amending Plat at 1 (ECF No. 124-8); Emails regarding Amending Plat (ECF No. 124-25, 124- 27,124-28, 124-29, 124-30, 124-31, 124-32, 124-33, 124-34).
[26] Stiefel Deposition at 141:4-16; 142:2-20 (ECF No. 124-36, 126-4).

8

18. Second, Stone's claims regarding the Block 7 lots are also not time barred because either: (1) the present nonconforming use by Defendants related to the entirety of Block 7 did not occur before 2016 when the Block 7 properties were platted as a single lot[27] (which would be within the four-year statute); or (2) the Magistrate must analyze the facts regarding Defendants' use of each lot in Block 7 (Lots 1-8) individually and separately, which did not occur. *See* Recommendation, *generally* (ECF No. 140)(treating all either Block 7 lots always as the same lot, with common ownership, and uniform use from 2011-2015). These errors should also be evident as the Magistrate's analysis did follow to either option here.

19. These collective failures on both the Block 4 and Bock 7 lots require the Court to reject the Recommendation (ECF No. 140) on Defendants' Restrictions MSJ (ECF No. 120).

D. **NO PERMANENT NUISANCE EXISTED UNTIL AUGUST 2017 - THE MAGISTRATE MISAPPLIED THE RULE 56 STANDARD OF REVIEW FOR STONE'S PERMANENT NUISANCE CLAIM**

20. Stone concurs that her claim is for a permanent nuisance. Recommendation at 8. Nuisance is defined as "a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities." *Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 269 (Tex. 2004). As the Texas Supreme Court clarified in *Crosstex*, nuisance law does not focus on the

---

[27] Stiefel Deposition at 97:5-98:24; 99:21-25; 100:1-11; 101:9-18, 101:19-102:7; 155:12-17; 124:14-125:10; 126:16-127:8 (ECF No. 124-36); Notice to Purchasers (ECF Nos. 124-9, 124-10, 124-11, 124-12, 124-13); Replat Application (ECF No. 124-5); Amending Plat (ECF No. 124-8).

9

"wrongful act" or on the "resulting damage," but rather on the legal injury to Plaintiff (i.e. the interference with the use and enjoyment of land) that may result from the wrongful act and result in compensable damages. *Crosstex North Texas Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 595 (Tex. 2016).

21. Like Defendants' Motion, the Magistrate's Recommendation improperly focuses on actions and inactions that simply do not constitute legal injuries to Stone that would trigger statute of limitations. For example, the Recommendation includes discussions about the sale of property and building offices which do not constitute legal injury to Stone under Texas law. Recommendation at 9-10. Moreover, the Recommendation speaks in generalities in terms of Defendants' operations (wholly ignoring the obvious plans for all of Block 7 properties and increased scale of Defendants' activities that only began in or after 2015) and erroneously attributes Stone and her husband's complaints about the operations of other commercial barge companies outside of her deed-restricted neighborhood to Defendants. Throughout the Recommendation, the Magistrate favors Defendants' evidence and discounts Stone's evidence, ignoring the apparent fact issues and resolving factual disputes in Defendants' favor instead of reserving these disputes for the jury.

22. Texas courts have held that "a matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence." *Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 398 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 801, 816 (Tex. 2005)). Here, there is room for disagreement regarding the outcome, precluding summary

10

judgment. Again, Defendants did not meet their burden to demonstrate the date Stone's nuisance claim accrued, the accrual date should be left for a jury. *Natural Gas Pipeline of Am. v. Justiss,* 397 S.W.3d 150, 155 (Tex. 2012).

    **E.**     **THE MAGISTRATE'S MULTIPLE RECOMMENDATIONS (ECF NO. 140, 141) INCLUDE INCONSISTENT RULINGS: STONE'S EQUITABLE ESTOPPEL AND RELATED AFFIRMATIVE DEFENSES IMPACT DEFENDANTS' STATUTE OF LIMITATIONS CLAIMS, AND THE MAGISTRATE FOUND DEFENDANTS DID NOT OVERCOME THESE DEFENSES.**

23.   Defendants filed four motions for summary judgment (ECF Nos. 116, 117, 118 and 120), and the Magistrate issued three separate memoranda on those motions (ECF Nos. 139, 140 and 141). The Magistrate's recommendations (ECF Nos. 140 and 141) contain some contradictions with respect to the status of Stone's affirmative defenses which pertain not only to HCP's counterclaim but also to Defendants' affirmative defenses on limitations. Stone Response (ECF No. 124 at 11-12, 18-21). While the Magistrate's Recommendation (ECF No. 141) denied Defendants' Motion for Summary Judgment on their Affirmative Defenses (ECF No. 118) as moot, it did not address the application of Stone's affirmative defense of equitable estoppel to Defendants' defense of statute of limitations discussed in the Recommendation (ECF No. 140). *See* Stone Response (ECF No. 124 at 18-21). The Magistrate ignored this relationship completely, leaving this an open issue for resolution in the other memoranda (ECF No. 141 at 12) but conclusively foreclosing these arguments (without addressing them) with respect to Defendants' limitations arguments in their Restrictions MSJ (ECF No. 120). *See* Recommendation at 11-12 (ECF No. 140). This inconsistent conclusion is an error that again ignores Stone's

evidence of Defendants' public duplicity in unlawfully expanding its operations entirely.[28] This Court already denied Stone any other recourse for these actions, limiting her claims to the Defendants. Order (ECF No. 34 at 4). Further clarity is needed on the procedural status here, as Defendants must also overcome Stone's affirmative defenses for which evidence was presented and not refuted. *See* Stone Response (ECF No. 124 at 18-21).

24. Thus, the Recommendation to grant Defendants' Restrictions MSJ (ECF No. 120) based on limitations is in error and should be subject to Plaintiff's affirmative defenses as acknowledged in the Magistrate's other memoranda (ECF No. 141).

### III.  REQUEST FOR RELIEF

25. For these reasons, Plaintiff Carolyn Stone requests that the Court:

(a) reject the Recommendation granting Defendants' Nuisance MSJ under Rule 56 (ECF No. 140) and deny Defendants' Nuisance MSJ (ECF No. 117) in its entirety; and

(b) reject the Recommendation granting Defendants' Restrictions MSJ under Rule 56 (ECF No. 140) and deny the Defendants' Restrictions MSJ (ECF No. 120) in its entirety;

---

[28] Stiefel Deposition at 97:5-98:24; 99:21-25; 100:1-11; 101:9-18, 101:19-102:7; 148:11-14; 149:21-150:15; 155:12-17; 124:14-125:10; 126:16-127:8; 165:14- 166:1 (ECF No. 124-35); Notice to Purchasers (ECF No. 124-9, 124-10, 124-11, 124-12, 124-13); Replat Application (ECF No. 124-5); Amending Plat (ECF No. 124-8); Emails between Stone and City (ECF No. 124-14, 124-15); Emails regarding Amending Plat (Exhs. 124-25, 124-29, 124-30, 124-31, 124-32, 124-33, 124-34); Terry Deposition at 62:22-63:6; 107:6-21; 119:3-14 (ECF No. 124-37); HMS/HMG's Supplemental Deposition on Written Questions dated December 8, 2021 at Q36 (ECF No. 124-41).

(c) reconcile the factual determinations concerning Stone's affirmative defenses of equitable estoppel not discussed at all in the Magistrate's Recommendation (ECF No. 140) with the Magistrate's other recommendations in this case holding these as an open question (ECF No. 141); and

(d) grant Plaintiff such other and further relief as the Court deems appropriate.

Dated: September 21, 2023.

Respectfully submitted,

/s/ Amy Catherine Dinn
Amy Catherine Dinn
Texas State Bar No. 24026801
Federal I.D. No. 29009
**LONE STAR LEGAL AID**
P.O. Box 398
Houston, Texas 77001-0398
Phone: (713) 652-0077 ext. 1118
Fax: (713) 652-3141
adinn@lonestarlegal.org

**ATTORNEY IN CHARGE FOR
PLAINTIFF CAROLYN STONE**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Objection was served on all Defendants' counsel of record through the CM/ECF E-File System on September 21, 2023.

/s/ Amy Catherine Dinn
Amy Catherine Dinn

13